UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY CAMPBELL,

    Plaintiff,                                       Civil Action No. 13-CV-12182

vs.                                             HON. BERNARD A. FRIEDMAN

WALTER BATES, et al.,

    Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT

This matter is presently before the Court on plaintiff's application to proceed in forma pauperis. For the following reasons, the court shall (1) deny the application because plaintiff is barred from proceeding in forma pauperis by the "three strikes" provision of the statute, and (2) dismiss the complaint because it is frivolous and fails to state a claim upon which relief may be granted and because the Court lacks subject matter jurisdiction.

Under 28 U.S.C. § 1915(g), a prisoner is not permitted to proceed in forma pauperis if he "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." In the present case, plaintiff is not a prisoner, but he purports to be acting on behalf of Kevin Dwayne Theriot buy virtue of a power of attorney. Theriot is a Michigan state prisoner.[1] He has filed at least three complaints in the Western District of Michigan which have been dismissed as frivolous, malicious or for failure to state a claim, and in

---

[1] *See* http://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=423068

each case the court specifically indicated that the dismissal counted as a "strike" under § 1915(g). *See Theriot v. Bates*, Civil Action No. 12-CV-200 (W.D. Mich.); *Theriot v. Malhowski*, Civil Action No. 09-CV-154 (W.D. Mich.); *Theriot v. Woods*, Civil Action No. 08-CV-300 (W.D. Mich.). Theriot is therefore prohibited from proceeding in forma pauperis and he may not circumvent the prohibition by appointing an attorney in fact to file a complaint on his behalf. Nor does the complaint in this matter indicate that Theriot is in "imminent danger of serious physical injury."

Even if Theriot were not barred from proceeding in forma pauperis by the three-strikes rule, the Court would dismiss the complaint as frivolous and for failure to state a claim. Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an in forma pauperis complaint if it

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28. To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted). Further, the Court is required to dismiss the complaint, whether or not plaintiff is proceeding *in forma*

2

*pauperis*, if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

In the present case, the complaint is a 29-page, hand-written, largely illegible, "hideous sprawling mess." *In re Ocwen Loan Servicing, LLC,* 491 F.3d 638, 641 (7th Cir. 2007). The complaint alleges that "[t]hroughout the incidents outlined, defendants have systematically and severally violated the Constitutional Rights of one, Kevin Theriot, have aided and abbett [sic] the illegal actions of co-workers, acted above the law, rules, procedures and statutes." Compl. p. 5. The list of approximately 65 defendants includes state and federal trial and appellate judges, court clerks, prosecutors, police and prison officers, hearing and grievance officers and investigators, two prison wardens and one deputy warden, ombudsmen, paralegals, the current and former director of the Michigan Department of Corrections, the current and former Michigan Attorney General, Michigan's governor and secretary of state, and a U.S. Department of Justice official. The complaint, while difficult to read, appears to allege, among other things, that Theriot's previous lawsuits (indicated above) were improperly dismissed; and that various of Theriot's constitutional rights were violated in connection with the prosecution and conviction for which he is now serving a life sentence. For relief, the complaint "requests that the court . . . Contact Kevin Theriot immediately and make arrangements for his release from prison, arrangements that Kevin Theriot approves of . . . [and] Reward a judgment based on a figure that plaintiff and defendants agree on." *Id.*

Among the many insurmountable problems with plaintiff's complaint, the most basic is that it seeks Theriot's release from prison. This relief is unavailable in a civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). To the extent plaintiff seeks damages for actions relating to Theriot's prosecution and conviction, the complaint is barred by *Heck v. Humphrey*, 512 U.S. 477

(1994). At least half of the defendants are judges and court officials who are immune from suit. *See Stump v. Sparkman*, 435 U.S. 349 (1978). And to the extent plaintiff seeks to relitigate old issues and claims, and this appears to describe the entire complaint, he is barred from doing so by the doctrines of res judicata and collateral estoppel. In short, this complaint is entirely frivolous, fails to state a claim, and fails to present a case or controversy over which this Court may exercise subject matter jurisdiction. Accordingly,

IT IS ORDERED that plaintiff's application for leave to proceed in forma pauperis is denied pursuant to 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel is denied as moot.

                                                                              S/ Bernard A. Friedman_____
Dated: May 20, 2013                      BERNARD A. FRIEDMAN
     Detroit, Michigan               SENIOR UNITED STATES DISTRICT JUDGE